# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN DWAYNE BAILEY,<br><br>    Petitioner,<br><br>  v.<br><br>CDCR,<br><br>    Respondent. | Case No.: 1:21-cv-00696-JLT (HC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION<br><br>[THIRTY-DAY OBJECTION DEADLINE] |

Petitioner filed a Petition for Writ of Habeas Corpus on April 28, 2021. (Doc. 1.) A preliminary screening of the petition reveals that the petition presents claims concerning the conditions of his confinement and fails to present any cognizable grounds for relief or any facts in support. Accordingly, the Court will recommend it be DISMISSED.

**DISCUSSION**

A.    Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . ." Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990). The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an

1

answer to the petition has been filed.

B. Civil Rights Claims

Petitioner does not challenge his conviction on certain claims, but rather, it appears that Petitioner is making complaints concerning the conditions of confinement. Petitioner seeks release from incarceration due to his concerns about COVID-19 in the conditions under which he is being held, alleging that he is at high risk of death or serious health implications. (See Doc. 1.)

A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)). In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499. Petitioner's civil rights claims are not cognizable in a federal habeas action and must be dismissed. Petitioner must seek relief for these complaints by way of a civil rights action.

In Nettles v. Grounds, 830 F.3d 922, 936 (9th Cir. 2016), the Ninth Circuit held that a district court has the discretion to construe a habeas petition as a civil rights action under § 1983. However, recharacterization is appropriate only if it is "amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief," and only after the petitioner is warned of the consequences of conversion and is provided an opportunity to withdraw or amend the petition. Id. Here, the Court does not find recharacterization to be appropriate. Petitioner does not name the proper defendants and the claims are not amenable to conversion on their face. Accordingly, the Court should not exercise its discretion to recharacterize the action. Therefore, the Court will recommend that these claims be dismissed.

C. Failure to State a Cognizable Federal Claim

The basic scope of habeas corpus is prescribed by statute. Title 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). See also Rule 1 to the Rules Governing Section 2254 Cases in the United States

District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

To succeed in a petition pursuant to 28 U.S.C. § 2254, the petitioner must demonstrate that the adjudication of his claim in state court

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2). In addition to the above, Rule 2(c) of the Rules Governing Section 2254 Cases requires that the petition:

> (1) Specify all the grounds for relief available to the petitioner;
> (2) State the facts supporting each ground;
> (3) State the relief requested;
> (4) Be printed, typewritten, or legibly handwritten; and
> (5) Be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

A petition for writ of habeas corpus must specify the grounds for relief as well as the facts supporting each ground. Rule 2(c) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 2254. The petitioner must make specific factual allegations that would entitle him to habeas corpus relief if they are true. O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); United States v. Popoola, 881 F.2d 811, 812 (9th Cir. 1989). Each ground for relief must be clearly stated and allege what federal constitutional violation has occurred, along with providing facts that support the grounds for relief.

Petitioner seeks release from incarceration due to his concerns about COVID-19 in the conditions under which he is being held, alleging that he is at high risk of death or serious health implications. (See Doc. 1.) The petitioner fails to state a claim on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. Because the petitioner fails to state a claim cognizable on federal habeas review, the Court lacks jurisdiction to review the petition and will recommend that the petition be dismissed. Additionally, the defects in his pleading are not capable of being cured through amendment. See Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012).

**ORDER**

The Court DIRECTS the Clerk of Court to assign a district judge to the case.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the habeas corpus petition be SUMMARILY DISMISSED without prejudice for lack of jurisdiction.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty days after being served with a copy, the petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: __May 1, 2021__          __/s/ Jennifer L. Thurston__
                                                   CHIEF UNITED STATES MAGISTRATE JUDGE