UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN DWAYNE BAILEY,<br><br>Petitioner,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>Respondent. | No. 1:21-cv-00696-DAD-JLT (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING PETITION<br><br>(Doc. No. 8) |

Petitioner Steven Dwayne Bailey is a state prisoner proceeding *in propria persona* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 3, 2021, the assigned magistrate judge issued findings and recommendations, recommending that the pending petition be dismissed because it fails to present any cognizable grounds for federal habeas relief or any facts in support of such grounds. (Doc. No. 8.) These findings and recommendations were served upon all parties and contained notice that any objections were to be filed within thirty (30) days from the date of service of that order. (*Id.* at 4.) On May 19, 2021, petitioner filed timely objections to the magistrate judge's findings and recommendations. (Doc. No. 10.)

/////

In his objections, petitioner asserts that he stated a cognizable claim for habeas relief because he was denied due process of the law and equal protection under the Fourteenth Amendment, and because the conditions under which he is incarcerated during the COVID-19 pandemic constitutes cruel and unusual punishment in violation of the Eighth Amendment. (*Id.* at 1–2.) The court finds petitioner's arguments unpersuasive. As noted in the pending findings and recommendations, petitioner's civil rights claims are not cognizable in a federal habeas action and must be dismissed. Petition may seek relief for such claims by way of a civil rights action.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), the court has conducted a de novo review of the case. Having carefully reviewed the entire file, including petitioner's objections, the court concludes that the magistrate judge's findings and recommendations are supported by the record and proper analysis. Petitioner's objections present no grounds for questioning the magistrate judge's analysis.

In addition, the court declines to issue a certificate of appealability. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003). If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In the present case, the court finds that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the court's determination that petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Thus, the court declines to issue a certificate of appealability.

/////

Accordingly:

1. The findings and recommendations issued on May 3, 2021 (Doc. No. 8) are adopted in full;
2. The petition for writ of habeas corpus is dismissed;
3. The court declines to issue a certificate of appealability; and
4. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: **June 14, 2021**

UNITED STATES DISTRICT JUDGE